# M. WATERS v. CHAS. CHASE ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF WARREN COUNTY.

Argued May 6, 1891—Decided May 18, 1891.

(*a*) A mortgage, reciting an indebtedness payable by instalments, but
with no covenant to pay and unaccompanied by a bond, was assigned
by the mortgagees, with a clause providing: "And we do hereby
guarantee the collection of said mortgage and all payments thereon at
maturity: "

1. In such case, notwithstanding there was no liability upon the mort-
gagor beyond the value of the mortgaged premises, the assignors there-
of were liable on their guaranty to the assignee, to the extent of the
indebtedness secured by the mortgage.

2. In assumpsit against the assignors, to recover a balance unpaid after a
sale of the premises on levari facias, it is no defence that the premises
were worth the face of the mortgage, and that the plaintiff might have
bid up for his protection.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
WILLIAMS, JJ.

No. 361 January Term 1891, Sup. Ct.; court below, No. 57
September Term 1888, C. P.

On April 24, 1888, Myron Waters brought assumpsit against
Charles Chase, administrator c. t. a. of A. B. Lane, deceased,
and H. W. Lane, executor of the will of A. G. Lane, deceased,
filing a statement of claim in substance averring:

That on May 5, 1879, A. B. Lane, in her lifetime, and H.
W. Lane, executor of A. G. Lane, under their hands and seals
executed an assignment to Myron Waters, the plaintiff, of
their right, title, interest, etc., in a certain mortgage executed
by Lewis W. Peck to the assignors, dated November 8, 1878,
for the sum of eight hundred dollars, payable in annual instal-
ments of one hundred dollars each, with interest, the said as-
signment containing the following clause: "And we do hereby
guarantee the collection of said mortgage and all payments
thereon at maturity; " that, the said Lewis W. Peck failing to
make the payments as provided, the plaintiff assignee had ob-

tained judgment in a scire facias thereon for the sum of $970.20, being the remainder due thereon with interest; that upon a levari facias issued upon said judgment the mortgaged premises had been sold at sheriff's sale for $255, of which the sum of $156.30 was applied as a credit upon said judgment; and that the plaintiff, therefore, claimed to recover from the defendants the sum still remaining unpaid, to wit, $813.90, with interest from June 4, 1888, the date of said sheriff's sale.

The mortgage itself was not shown in the paper-books filed, but it was stated that it contained no covenant to pay, on the part of the mortgagor, but recited: "Whereas the said Lewis W. Peck is indebted to the said second parties in the sum of eight hundred dollars."

The defendants filed an affidavit of defence averring as follows:

"The mortgage described in plaintiff's statement, given by Lewis W. Peck, was a liability only upon the premises described in said mortgage, and was not accompanied by any bond or other personal obligation of said Lewis W. Peck. The premises described in said mortgage, at the time of the assignment of said mortgage to the plaintiff and at the time of the sheriff's sale thereof, were of a value sufficient to cover the mortgage debt and costs of sale. The said mortgage was a first lien upon the mortgaged premises, and the title to said premises was good and undisputed. A scire facias was issued by said Waters upon said mortgage, a judgment was recovered thereon for the full amount of the mortgage debt, and a writ of levari facias was issued upon the judgment so recovered by said Waters, upon which writ so issued the mortgaged premises were duly sold according to law by the sheriff of Warren county. The said Myron Waters neglected and refused to attend the sheriff's sale of the mortgaged premises when sold upon said writ, and allowed them to be sold without bidding them off or running them up to secure his debt, for a sum greatly below the value of said premises. This deponent suggests that, when upon the proceedings above mentioned judgment was recovered for the full amount of the mortgage debt, and the mortgaged premises sold according to law upon a writ issued upon said judgment, the mortgage was collected within the meaning of the contract sued upon, the contract of guaranty fully performed and com-

Opinion of Court below.

plied with, and there is no further liability of the defendants under said contract."

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, NOYES, P. J., on February 2, 1891, filed an opinion in part as follows:

On the argument, it was urged by the learned counsel for the defendants with great ingenuity and earnestness, that the agreement in suit does not import a guaranty of the collection of the debt secured by the mortgage, but of the mortgage itself; that it is, in effect, a warranty of title, both to the mortgage and the mortgaged premises, but that the defendants are not liable for a failure to collect the money secured by the instrument assigned.

The term "mortgage" is in common usage applied to the mortgage deed, and not to the premises mortgaged. A mortgage, though in form a conveyance of land, is but a security for a debt: Scott v. Sample, 5 W. 53; Wilson v. Shoenberger, 31 Pa. 295.

We agree with the counsel that the term "payments," is equivalent to "instalments," when used in the writing. So reading the agreement of the parties, we must understand the words "payments thereon," to mean the instalments of the mortgage debt mentioned "on" or in the mortgage deed. The word "collection" is appropriate as applied to the instalments or "payments," secured by the mortgage, but not, if a warranty of title only were intended. We think the language used clearly imports a covenant that the mortgage,—that is, all the instalments or "payments" secured thereby, should be collected at maturity.

Whether the words "at maturity" make the guaranty special, so that the guarantee might sue at once on the mortgagor's default, or the term "collected" imports that all legal means of collecting the money from the land shall first be exhausted, it is unnecessary to decide, since the statement shows that this was done, and the affidavit of defence negatives any inference that there might be still a personal responsibility of the mortgagor to be resorted to.

There is no averment of any act or omission which could relieve the defendants from their liability, unless it was the

Opinion of the Court.

duty of the plaintiff to attend the sale and bid on the property. Upon this point, the reasoning of Judge Woodward in Bechtel v. Hoffman, 1 Woodw. 130, seems to us satisfactory and pertinent. There is no allegation of carelessness, negligence, or any act which could prejudice the defendants. For all that appears, they may have been themselves present at the sale, and notified by the plaintiff to protect themselves.

The rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, is made absolute; and judgment is now entered in favor of M. Waters and against Charles Chase, administrator, c. t. a. of A. B. Lane deceased, and H. W. Lane, executor of A. G. Lane, deceased, for the amount claimed in the plaintiff's statement, to be liquidated by the prothonotary.

—Judgment having been entered in favor of the plaintiff as directed, the defendants took this appeal, specifying that the court erred:

1, 2. In entering judgment in favor of the plaintiff, and in not holding that the plaintiff was not entitled to recover.

3. In not holding that, when the plaintiff had recovered judgment upon his mortgage, and sold the mortgaged premises according to law, the defendants' contract of guaranty was fully performed.

*Mr. D. I. Ball*, for the appellants.

Counsel cited: Scott v. Sample, 5 W. 53; Wilson v. Shoenberger, 31 Pa. 295.

*Mr. W. V. N. Yates*, *Mr. W. M. Lindsey* and *Mr. Jas. O. Parmlee*, for the appellee, were not heard.

In the brief filed, counsel cited: Shollenberger's Est., 1 Woodw. 316; Cochran v. Dawson, 1 M. 277; Cumpston v. McNair, 1 Wend. 457; Strohecker v. Farmers' Bank. 6 Pa. 41; Janes v. Scott, 59 Pa. 178.

PER CURIAM:

The assignment to the plaintiff of the mortgage of Lewis W. Peck contained something more than a guaranty of the collection of said mortgage. The words of the guaranty are: " And we do hereby guarantee the collection of said mortgage and all

Syllabus.

payments thereon at maturity." If the latter portion of it had been omitted, there would have been more force in the appellants' contention, but the addition of the words, "and all payments thereon at maturity," makes it a guaranty of the debt secured by the mortgage. It is true, there was no bond accompanying the mortgage, and the mortgagor was not liable beyond the mortgage itself. The debt, however, is specified in the mortgage, and the guaranty is broader than that instrument. The assignors of the mortgage are liable to the plaintiff for the debt secured thereby, although the mortgagor may not be responsible beyond the value of the mortgaged premises. It is no answer to this to say that the premises were worth the face of the mortgage, and that the plaintiff might have bid the property up, and thus been protected. The plaintiff was not bound to do so. He had security for the debt, and had no motive to do so. It was equally competent for the defendants to bid up the property at the sheriff's sale. Had they done so, they would have saved themselves from loss, if their estimate of the value of the property is correct.

Judgment affirmed.